THEODORE RANDOLPH, Respondent, *v.* ROBERT B. MURRAY, Appellant.

*Pleading — action for services under a contract that is silent as to the time of payment.*

Where a complaint sets out a contract and alleges that the plaintiff did work under it; that by the terms thereof the services were not necessarily for an entire term of one year; that a specified amount was due thereunder, and that all the conditions to be performed by the plaintiff to entitle him to such amount had been performed, a good cause of action is alleged although the contract is silent as to the time of payment.

APPEAL by the defendant, Robert B. Murray, from a judgment. of the County Court of Rockland county, entered in the office of the clerk of the county of Rockland on the 15th day of May, 1893,. affirming the judgment of a justice of the peace.

*William E. Gowdey,* for the appellant.

*Richard S. Harvey,* for the respondent.

BARNARD, P. J.:

The complaint sets out two causes of action. One is upon a. promissory note made by the defendant. There is no answer to this cause of action. The second cause of action is for work done under a contract, which is set forth by the complaint. By this con-- tract the plaintiff agreed for the space of one year from May 23, 1892, to do certain printing in two newspapers in Rockland county. The defendant agreed to pay certain specified rates for setting up and printing the publication. The agreement is silent as to the time of the payment. The complaint avers that there was due the plaintiff under the contract on the 27th of October, 1892, the sum of fifty-five dollars and thirty-three cents, for serv- ices rendered and material supplied, and that such sum was. demanded by the plaintiff from the defendant and was not paid. The defendant demurs to this second cause of action for a failure- to set up facts sufficient to constitute a cause of action. Under the rule that a demurrer admits the facts stated, the pleading is. good. The contract, by its terms, permits either party to terminate it on a notice of sixty days. An admission, by the defendant, that, on a contract, there was something due to the plaintiff for work done under it, would support a judgment for the sum admitted to- be due. The agreement may have been one for weekly payments, in the view of the parties, and it may have been abrogated. The admission of a sum due would be sufficient, in the absence of contradic- tion, to establish a right to judgment for it. The averment of a speci- fied sum due on the account is aided by the allegation contained in the complaint, that the plaintiff has performed all the conditions of the contract on his part.

The whole cause of action is equivalent to this : The plaintiff sets out a contract ; alleges that he did work under it ; by the terms of

the contract the services were not necessarily for an entire term of one year; that fifty-five dollars and thirty-three cents was due upon it, and that all the conditions to be performed by the plaintiff, to entitle him to that money, had been performed.

The defendant says that these allegations are all true.

The judgment should be affirmed, with costs.

PRATT, J.; concurred.

Judgment affirmed, with costs.